# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-01765-RM-KMT

IRENE PRUITT,

     Plaintiff,

v.

ALAMOSA COUNTY SHERIFF'S OFFICE,
ROBERT JACKSON, Alamosa County Sheriff, in his individual capacity,
JOSHUA HILL, Alamosa County Deputy Sheriff, in his individual capacity,
JOSHUA BAIER, Alamosa County Deputy Sheriff, in his individual capacity,
BRANDON HEREDIA, Alamosa County Deputy Sheriff, in his individual capacity,
KEITH STAMBAUGH, Alamosa County Deputy Sheriff, in his individual capacity,
MARTIN MAEZ, Alamosa County Deputy Sheriff, in his individual capacity,
NICK SMITH, Alamosa County Deputy Sheriff, in his individual capacity,
ANGELA LOBATO, Alamosa County Deputy Sheriff, in his individual capacity,

     Defendants.

---

## DEFENDANTS ALAMOSA COUNTY SHERIFF'S OFFICE, ROBERT JACKSON, JOSHUA BAIER, BRANDON HEREDIA, KEITH STAMBUAGH, MARTIN MAEZ, NICK SMITH AND ANGELA LOBATO'S ANSWER TO COMPLAINT [DOC. # 8]

---

     Defendants, Alamosa County Sheriff's Office, Robert Jackson, Joshua Baier, Brandon Heredia, Keith Stambaugh, Martin Maez, Nick Smith, and Angela Lobato, through their attorney, Jeffrey L. Driscoll of the law firm Williams, Turner & Holmes, P.C., submit the following Answer to Complaint [Doc. # 8]:

### INTRODUCTION

    1.   As to the allegations of paragraph 1 of the Complaint, the nature of the action speaks for itself and is a legal determination to be made by the Court.  To the extent it is inferred that Defendants owed and violated a legal duty to Plaintiff, Defendants deny the averment.

2.   As to the allegations of paragraph 2 of the Complaint, Defendants admit Plaintiff was housed at the Alamosa County Jail in a holding cell without a toilet or sink on or about the dates alleged and gave birth while at the Jail.  Defendants deny the remainder of the averment.

3.   As to the allegations of paragraph 3 of the Complaint, the nature of the action speaks for itself and is a legal determination to be made by the Court.  To the extent it is inferred that Defendants owed and violated a legal duty to Plaintiff, Defendants deny the averment. Defendants admit the Court has subject matter jurisdiction.

4.   Defendants admit the allegations of paragraph 4 of the Complaint.

**PARTIES**

5.   As to the allegations of paragraph 5 of the Complaint, no Exhibit 1 is appended to the Complaint.  To the best of Defendants' information and belief, Plaintiff is about 31 years of age. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment and therefore deny the same.

6.   As to the allegations of paragraph 6 of the Complaint, Defendants deny that Joshua Hill is an Alamosa County Sheriff's Office employee.  Defendants admit the remainder of the averment.

7.   Defendants admit the allegations of paragraph 7 of the Complaint.

8.   As to the allegations of paragraph 8 of the Complaint, Defendants deny that Brandon Heredia is an Alamosa County Sheriff's Office employee.  Defendants admit the remainder of the averment.

9.   Defendants admit the allegations of paragraph 9 of the Complaint.

10. Defendants admit the allegations of paragraph 10 of the Complaint.

11. Defendants admit the allegations of paragraph 11 of the Complaint.

12. As to the allegations of paragraph 12 of the Complaint, Defendants deny that Angela Lobato is an Alamosa County Sheriff's Office employee.  Defendants admit the remainder of the averment.

13. Defendants admit the allegations of paragraph 13 of the Complaint.

14. Defendants admit the allegations of paragraph 14 of the Complaint.

### FACTUAL ALLEGATIONS

15. As to the allegations of paragraph 15 of the Complaint, Defendants admit that Plaintiff was arrested on or about November 4, 2016 in Alamosa County, but are without knowledge or information sufficient to form a belief as to the time of day she was arrested.

16. As to the allegations of paragraph 16 of the Complaint, Defendants admit that at the time Plaintiff was brought to the jail on November 4, 2016 she was pregnant and, upon information and belief, the length of Plaintiff's pregnancy at that time was approximately eight months.

17. As to the allegations of paragraph 17 of the Complaint, Defendants admit that at the time Plaintiff was brought to the jail on November 4, 2016, upon information and belief Plaintiff had been using heroin.

18. Defendants admit the allegations of paragraph 18 of the Complaint.

19. As to the allegations of paragraph 19 of the Complaint, Defendants admit that Plaintiff was given medical clearance from the hospital to be taken to jail with written instructions which includes the language quoted.  Upon information and belief, medical clearance was provided by a physician's assistant.

20. As to the allegations of paragraph 20 of the Complaint, Defendants admit that Defendant

Lobato had Plaintiff complete and sign a medical screening form.  Plaintiff does not define the term "medical training," and therefore Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment and therefore deny the same.

21. Defendants admit the allegations of paragraph 21 of the Complaint with the clarification that Nurse Blearney was not an outside nurse and it was identified Plaintiff was going through heroin withdrawal.

22. As to the allegations of paragraph 22 of the Complaint, the nurse's written report speaks for itself.  To the extent Plaintiff's allegation is inconsistent with the written report, Defendants deny the averment.

23. As to the allegations of paragraph 23 of the Complaint, the nurse's written report speaks for itself.  To the extent Plaintiff's allegation is inconsistent with the written report, Defendants deny the averment.

24. As to the allegations of paragraph 24 of the Complaint, the nurse's written report speaks for itself.  To the extent Plaintiff's allegation is inconsistent with the written report, Defendants deny the averment.

25. As to the allegations of paragraph 25 of the Complaint, the nurse's written report speaks for itself.  To the extent Plaintiff's allegation is inconsistent with the written report, Defendants deny the averment.

26. As to the allegations of paragraph 26 of the Complaint, Defendants admit that at some point the nurse left the jail, but the allegation is vague as to when that is alleged to have occurred.

27. As to the allegations of paragraph 27 of the Complaint, Defendants admit that Plaintiff was placed in a holding cell, but deny Plaintiff was placed in cell 101.

28. As to the allegations of paragraph 28 of the Complaint, Defendants admit the holding cell Plaintiff was placed in does not have a toilet or sink but contained a hole with a grate. Defendants deny the remainder of the averment.

29. As to the allegations of paragraph 29 of the Complaint, Defendants admit Plaintiff exhibited withdrawal symptoms.  Defendants deny Plaintiff was placed in cell 101.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment and therefore deny the same.

30. As to the allegations of paragraph 30 of the Complaint, Defendants admit Plaintiff exhibited withdrawal symptoms.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment and therefore deny the same.

31. As to the allegations of paragraph 31 of the Complaint, these Defendants admit Plaintiff exhibited withdrawal symptoms.  These Defendants deny the remainder of the averment.

32. As to the allegations of paragraph 32 of the Complaint, these Defendants admit they were aware Plaintiff was pregnant and, upon information and belief, the length of Plaintiff's pregnancy at that time was approximately eight months.

33. These Defendants admit the allegations of paragraph 33 of the Complaint.

34. As to the allegations of paragraph 34 of the Complaint, these Defendants admit they were aware the discharge instructions included the language quoted.

35. These Defendants deny the allegations of paragraph 35 of the Complaint.

36. As to the allegations of paragraph 36 of the Complaint, these Defendants admit Plaintiff

was allowed to shower.  These Defendants deny the remainder of the averment.

37. These Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants admit the allegations of paragraph 39 of the Complaint.

40. As to the allegations of paragraph 40 of the Complaint, these Defendants admit Plaintiff exhibited withdrawal symptoms.

41. As to the allegations of paragraph 41 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment and therefore deny the same.

42. These Defendants admit the allegations of paragraph 42 of the Complaint.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. These Defendants deny the allegations of paragraph 46 of the Complaint.

47. As to the allegations of paragraph 47 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment and therefore deny the same.

48. These Defendants deny the allegations of paragraph 48 of the Complaint.

49. These Defendants deny the allegations of paragraph 49 of the Complaint.

50. As to the allegations of paragraph 50 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment and therefore deny the same.

51. As to the allegations of paragraph 51 of the Complaint, these Defendants admit that an ambulance was summoned for Plaintiff.  Defendant Baier denies the remainder of the averment.

52. As to the allegations of paragraph 52 of the Complaint, Defendants admit that Plaintiff gave birth before the ambulance arrived.  Defendants deny the remainder of the averment.

53. Defendants deny the allegations of paragraph 53 of the Complaint.

54. Defendants admit the allegations of paragraph 54 of the Complaint.

55. Defendants deny the allegations of paragraph 55 of the Complaint.

56. Defendants deny the allegations of paragraph 56 of the Complaint.

57. Defendants deny the allegations of paragraph 57 of the Complaint.

58. Defendants deny the allegations of paragraph 58 of the Complaint.

59. Defendants deny the allegations of paragraph 59 of the Complaint.

60. Defendants deny the allegations of paragraph 60 of the Complaint.

61. Defendants deny the allegations of paragraph 61 of the Complaint.

62. Defendants deny the allegations of paragraph 62 of the Complaint.

63. Defendants deny the allegations of paragraph 63 of the Complaint.

64. Defendants deny the allegations of paragraph 64 of the Complaint.

65. Defendants deny the allegations of paragraph 65 of the Complaint.

66. Defendants deny the allegations of paragraph 66 of the Complaint.

67. Defendants deny the allegations of paragraph 67 of the Complaint.

68. Defendants deny the allegations of paragraph 68 of the Complaint.

69. Defendants deny the allegations of paragraph 69 of the Complaint.

70. Defendants deny the allegations of paragraph 70 of the Complaint.

71. Defendants deny the allegations of paragraph 71 of the Complaint.

72. Defendants deny the allegations of paragraph 72 of the Complaint.

**CLAIMS FOR RELIEF**

**First Cause of Action: Deliberate Indifference**
**(Withdrawals While Pregnant Leading to Pre-Term Labor and Early Delivery)**
**Fourteenth Amendment; 42 U.S.C. § 1983**
**Defendants Baier, Stambaugh, Maes [sic], Smith, Lobato, Hill, Baier [sic], and Heredia**

73. As to the allegations of paragraph 73 of the Complaint, Defendants incorporate by reference the responses preceding said paragraph.

74. As to the allegations of paragraph 74 of the Complaint, these Defendants admit that Plaintiff exhibited withdrawal symptoms on or about the dates alleged.  These Defendants deny the remainder of the averment.

75. As to the allegations of paragraph 75 of the Complaint, these Defendants admit that Plaintiff was pregnant and, upon information and belief, the length of the pregnancy was approximately eight months.

76. These Defendants admit the allegations of paragraph 76 of the Complaint.

77. These Defendants deny the allegations of paragraph 77 of the Complaint.

78. As to the allegations of paragraph 78 of the Complaint, these Defendants admit they did not possess medical expertise to personally treat a serious medical condition.  These Defendants deny the remainder of the averment.

79. These Defendants deny the allegations of paragraph 79 of the Complaint.

80. These Defendants deny the allegations of paragraph 80 of the Complaint.

81. These Defendants deny the allegations of paragraph 81 of the Complaint.

**Second Cause of Action**
**(Labor and Delivery in Jail)**
**Fourteenth Amendment; 42 U.S.C. § 1983**
**Defendants Hill, Baier, and Heredia**

82. As to the allegations of paragraph 82 of the Complaint, Defendants incorporate by reference the responses preceding said paragraph.

83. As to the allegations of paragraph 83 of the Complaint, these Defendants admit that Plaintiff gave birth at the jail on November 6, 2016.  These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment and therefore deny the same.

84. These Defendants admit the allegations of paragraph 84 of the Complaint.

85. As to the allegations of paragraph 85 of the Complaint, these Defendants admit they were aware Plaintiff was pregnant.  These Defendants deny the remainder of the averment.

86. These Defendants deny the allegations of paragraph 86 of the Complaint.

87. As to the allegations of paragraph 87 of the Complaint, these Defendants admit they do not have the medical expertise to deliver a baby.  These Defendants deny the remainder of the averment.

88. These Defendants deny the allegations of paragraph 88 of the Complaint.

89. These Defendants deny the allegations of paragraph 89 of the Complaint.

90. These Defendants deny the allegations of paragraph 90 of the Complaint.

**Third Cause of Action**
**Fourteenth Amendment; 42 U.S.C. § 1983**
**Defendants Jackson, Alamosa County Sheriff's Office**

91. As to the allegations of paragraph 91 of the Complaint, Defendants incorporate by reference the responses preceding said paragraphs.

92. These Defendants deny the allegations of paragraph 92 of the Complaint.

93. These Defendants deny the allegations of paragraph 93 of the Complaint.

94. These Defendants deny the allegations of paragraph 94 of the Complaint.

95. These Defendants deny the allegations of the PRAYER FOR RELIEF/WHEREFORE clause.

96. Any allegations of the Complaint not otherwise specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

1.  Some or all of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.  Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

3.  Plaintiff's claims are barred, in whole or in part, by the failure of personal participation.

4.  Defendants were not deliberately indifferent.

5.  Plaintiff has failed to mitigate her damages, in whole or in part.

6.  Defendants reserve the right to assert other affirmative defenses that may be appropriate after discovery and investigation of the claims has been conducted.

WHEREFORE, Defendants Alamosa County Sheriff's Office, Robert Jackson, Joshua Baier, Brandon Heredia, Keith Stambaugh, Martin Maez, Nick Smith and Angela Lobato request the Court to deny the relief requested by Plaintiff and to award to Defendants the costs and attorney's fees incurred in defense and any other relief that may be proper and just.

## JURY DEMAND

Pursuant to Rule 38(a), Fed. R. Civ. P., Defendants demand a trial by jury on all issues so triable.

Dated this 17th day of September, 2018.

> s/ Jeffrey L. Driscoll
> Jeffrey L. Driscoll, Reg. No. 21825
> WILLIAMS, TURNER & HOLMES, P.C.
> 744 Horizon Court, Suite 115
> Grand Junction, CO  81506
> Telephone Number:  (970) 242-6262
> E-mail: jdriscoll@wth-law.com
> *Attorneys for Defendants Alamosa County Sheriff's Office, Robert Jackson, Joshua Baier, Brandon Heredia, Keith Stambaugh, Martin Maez, Nick Smith, and Angela Lobato*

Certificate of Service

foregoing DEFENDANTS ALAMOSA COUNTY SHERIFF'S OFFICE, ROBERT JACKSON, JOSHUA BAIER, BRANDON HEREDIA, KEITH STAMBAUGH, MARTIN MAEZ, NICK SMITH AND ANGELA LOBATO'S ANSWER TO COMPLAINT [DOC. # 8] with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following ECF participants:

| | |
|---|---|
| Adam Frank | William T. O'Connell, III |
| Faisal Salahuddin | Katherine Pratt |
| FRANK & SALAHUDDIN LLC | WELLS, ANDERSON & RACE, LLC |
| 1741 High Street | 1700 Broadway, Suite 1020 |
| Denver, CO  80218 | Denver, CO  80290 |
| fas@fas-law.com | woconnell@warllc.com |
| adam@fas-law.com | *Attorneys for Defendant Joshua Hill* |
| *Attorneys for Plaintiff* | |

> s/ Marlys Bernal
> Marlys Bernal

11